AO106(Rev.5/85) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of
(Name, address or brief description of person, property, or premises to be searched)

Green 2002 Mercury Grand Marquis
Registration Number xxxxxx
Vehicle Identification Nu. Xxxxxxxxxxxxxxx

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT**
CASE NUMBER:

(Further described below)

I ___Wayne P. Gerrish___ being duly sworn depose and say:

I am a(n) ___Detective with the Metropolitan Police Department___ and have reason to believe
(Official Title)
that ☐ on the person of or ☒ on the property or premises known as  (name, description and or location)

A GREEN 2002 MERCURY GRAND MARQUIS BEARING THE WASHINGTON D.C. REGISTRATION NUMBER OF xxxxxx. THE VEHICLE DISPLAYS THE VEHICLE IDENTIFICATION NUMBER OF xxxxxxxxxxxxx AND IS SECURED AT THE METROPOLITAN POLICE DEPARTMENT'S CRIME SCENE EXAMINATION COMPLEX LOCATED AT 3521 V STREET, NORTHEAST, WASHINGTON, D.C.

concerning a violation of Title __18__ United States Code, Section(s) _§_ 922(j). The facts to support a finding of Probable Cause are as follows:

**SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN**

Continued on the attached sheet and made a part hereof.    ☒ YES   ☐ NO

Frederick Yette
Federal Major Crimes Section
(202) 353-1666

Signature of Affiant
WAYNE P. GERRISH, DETECTIVE
Metropolitan Police Department

Sworn to before me, and subscribed in my presence

_____
Date

at Washington, D.C.

_____                _____
Name and Title of Judicial Officer               Signature of Judicial Officer

# AFFIDAVIT IN SUPPORT OF APPLICATION
# FOR A SEARCH WARRANT

**FOR THE ENTIRE VEHICLE DECRIBED AS A GREEN 2002 MERCURY GRAND MARQUIS BEARING THE WASHINGTON D.C. REGISTRATION NUMBER OF CP3544. THE VEHICLE DISPLAYS THE VEHICLE IDENTIFICATION NUMBER OF 2MEFM74WX2X629547 AND IS SECURED AT THE METROPOLITAN POLICE DEPARTMENT'S CRIME SCENE EXAMINATION COMPLEX LOCATED AT 3521 V STREET, NORTHEAST, WASHINGTON, D.C.**

<u>AFFIANT'S EXPERIENCE</u>

Your Affiant, Detective Wayne P. Gerrish, has been a sworn officer with the Metropolitan Police Department since 1999. Your Affiant is currently assigned to the Metropolitan Police Department's Narcotics and Specialized Investigations Division for approximately the last four years. Your Affiant's professional police duties have been concentrated in the area of narcotics, prostitution and gun-recovery investigations. During your Affiant's law enforcement career, your Affiant has attended classes, seminars, and special training sessions on the manufacturing, packaging, use, and distribution of controlled substances, as well as the detection and apprehension of narcotic traffickers.

Your Affiant has served as a patrol and undercover officer in narcotics and prostitution investigations, which has included the purchasing of illegal narcotics, including marijuana and methylenedioxymethamphetamine (MDMA). In the course of your Affiant's police duties, your Affiant has participated in numerous lower, mid, and upper level vice investigations. During these investigations, your Affiant has interviewed more than a hundred persons arrested for illicit activity involving narcotics. Furthermore, your Affiant has spent many hours engaged in covert surveillance of persons involved in illegal narcotics activity. As a result, your Affiant has served as the Affiant or assisted with the execution of more than 50 narcotic, firearm and prostitution search warrants issued by Judges of the Superior Court of the District of Columbia. Through this professional training and experience, your Affiant has become familiar with various levels of distribution of illicit drugs and with the practices of narcotics trafficking organizations of various sizes in the Washington Metropolitan area. The information set forth in this affidavit, is based on your Affiant's personal observations, or is information provided by other sworn law enforcement officers.

Based on the facts set forth below in this affidavit, I respectfully submit there is probable cause to believe that concealed and contained in the vehicle to be searched, as described in Attachment A, evidence and the fruits and instrumentalities related to a violation of 18 U.S.C., Section 922(j), which prohibits the knowing receipt, concealment, storage, sale and disposition of stolen firearms that have been shipped and transported in interstate and foreign commerce.

PROBABLE CAUSE

During the early morning hours of June 13, 2008, a Federal Firearms Licensee burglary occurred at the Green Top Sporting Goods store in Hanover County, Virginia. During the theft, two black males entered the store and removed thirty-four firearms. This was captured on a security video camera.

Since the crime, members of the Bureau of Alcohol Tobacco Firearms and Explosives Agency debriefed a source of information that had information about the event. With this information, the agents conducted a controlled gun purchase from an individual identified as Mr. Michael Henderson. On June 20, 2008, the Agents conducted a second controlled gun purchase from Mr. Henderson in Bowie, Maryland. Once the purchase was completed, Mr. Henderson was arrested. Mr. Henderson was found in possession of two additional firearms. One firearm was in Mr. Henderson's waistband and the other was recovered from Mr. Henderson's vehicle. All three weapons recovered on June 20, 2008, were found to be part of the stolen weapons from the state of Virginia. Mr. Henderson was later read his Miranda warning and agreed to speak with the agents. Mr. Henderson confessed to being one of the two individuals who burglarized the Green Top Sporting goods store in the state of Virginia. Mr. Henderson identified the other individual involved in the burglary as Mr. Leon Waddy and knew Mr. Waddy to reside in Southeast Washington, D.C. Furthermore, Mr. Henderson informed the agents that after the burglary, both individuals divided or split the weapons amongst themselves. This division of the stolen firearms took place inside of Mr. Waddy's apartment on the day of the offense.

On June 21, 2008, members of the Alcohol Tobacco Firearms and Explosives Agency and the Metropolitan Police Department's Gun Recovery Unit executed a search warrant at 221 Orange Street, Apartment # 32, Southeast, Washington D.C. The officers and agents identified this location as Mr. Waddy's residence. The members recovered two firearms that were stolen from the gun store, a bag containing fragments of glass that were believed to be from the gun store and suspected blood stained clothing worn by the suspect during the commission of the offense. Mr. Waddy was contacted via phone from the residence and agreed to turn himself into the officers. Mr. Waddy arrived in the parking lot of 221 Orange Street and was arrested. Mr. Waddy was driving a 2002 Mercury Grand Marquis vehicle. A search incident to arrest was conducted of the vehicle to ensure that it did not contain firearms. While conducting the search, the officers observed a baseball bat and a hammer in the trunk of the vehicle. The vehicle did not contain any firearms and was secured. The vehicle was then transported to the Metropolitan Police Department's Crime Scene Examination Complex pending the approval of this affidavit in support of a search warrant.

Later in the morning, Mr. Waddy waived his rights and agreed to speak with the agents and officers. Mr. Waddy confessed to the burglary and admitted to selling numerous firearms through Washington, D.C., prior to his arrest. Mr. Waddy admitted to using the Mercury Grand Marquis to flee after stealing the guns, as well as the baseball bat and hammer in the trunk to assist with breaking into the establishment. During the offense Mr. Waddy cut his hand and later had to receive medical treatment at a local hospital.

CONCLUSION

      Based on the past investigative experience of your Affiant and the facts presented in this Affidavit, your Affiant submits that there is probable cause to believe that secreted within the previously described vehicle there is evidence relevant to this investigation into the violation of 18 U.S.C., Section 922(j), namely the baseball bat and hammer secured in the trunk of the vehicle. Your Affiant believes the vehicle may also contain biological items to include, but not limited to, blood or hair fibers belonging to both suspects of the offense. Furthermore, your Affiant submits that there is probable cause to believe the vehicle may contain residual glass from the broken cases and entry way to the firearms store that transferred to the vehicle when the suspects fled the scene of the offense and documents related to ownership or use of the vehicle.

      It is therefore requested that a Search Warrant be issued for the entire previously described vehicle. This would authorize Evidence Technicians of the Metropolitan Police Department to seize all relevant evidence, including but not limited to biological items of evidence, the hammer and baseball bat secured in the trunk of the vehicle, residual glass fragments and any paperwork pertaining to the ownership or use of the vehicle, and any other evidence that indicates a violation of the law.

Dated this \_\_\_\_\_ day of July 2008

                                                      _____
                                                    Wayne P. Gerrish
                                                    Detective
                                                    Metropolitan Police Department

Sworn to before me this

_____ day of July 2008


_____
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLUMBIA

ATTACHMENT A

The vehicle to be searched is described as follows:

A GREEN 2002 MERCURY GRAND MARQUIS BEARING THE WASHINGTON D.C. REGISTRATION NUMBER OF xxxxxx. THE VEHICLE DISPLAYS THE VEHICLE IDENTIFICATION NUMBER OF xxxxxxxxxxxxxzx AND IS SECURED AT THE METROPOLITAN POLICE DEPARTMENT'S CRIME SCENE EXAMINATION COMPLEX LOCATED AT xxxx V STREET, NORTHEAST, WASHINGTON, D.C.

ATTACHMENT B

The items to be searched for include, but are not limited to the following:

A baseball bat;

Hammer;

Biological items including, but not limited to, blood or hair fibers belonging to both suspects of the offense;

Glass from the broken display cases in Green Top Sporting Goods Store;

Any paperwork pertaining to the ownership and use of the vehicle that is being searched.